JAMES McALLISTER *v.* JOHN SEXTON.

In an action for work, labor and materials, where the plaintiff claims for work done after an alleged settlement of all previous accounts, which settlement the defendant denies, the court is not at liberty to assume the fact of a settlement, and on that ground reject an offer of the defendant to prove anterior transactions, unless the proof of such settlement be so clear and uncontradicted that the court will hold it legally conclusive.

Proof of a large prior indebtedness, by the plaintiff to the defendant, which does not appear to have been paid or satisfied, is a circumstance which might influence the finding of a jury upon the question, whether an alleged final settlement was made which did not provide for its payment.

The court should receive the evidence and instruct the jury, that if they nevertheless find that a settlement has taken place, the defendant is concluded thereby.

Although, on appeal, the court may be of opinion, that evidence which has been improperly rejected in the court below, would not have changed the verdict of the jury, yet, if it might have influenced their minds in considering the facts, and was competent; this court is not at liberty to overlook the erroneous rejection and affirm the judgment.

The proceedings below should be laid before the appellate court, in full; and while the return is imperfect, the parties should not bring an appeal to a hearing.

APPEAL by the defendant from the Marine Court. The facts, as disclosed in the return from that court, appear in the opinion.

*Henry P. Townsend,* for the defendant.

*Jacob I. Radcliffe* and *David P. Whedon,* for the plaintiff.

BY THE COURT. WOODRUFF, J.—I feel much embarrassment in attempting to dispose of this appeal. The return is imperfect. The contract between the parties, in relation to the buildings in question, though read in evidence, is not returned to us. Notes, receipts, &c., which had some bearing, as we might assume from their being received and read to the jury, are also omitted. But what is more surprising, the case

appears to have been tried and decided without any regard to the pleadings of the parties.

Various grounds for reversal are assigned in the notice of appeal, in relation to which the return shows no such ruling by the justice as is complained of; and objections are made to his charge to the jury, and yet the return omits the justice's charge altogether.

The plaintiff, in his complaint, claims only for work, labor and building materials, in erecting two brick houses in Orange street; and he was permitted to prove, in addition to what he showed was done by him upon the Orange street houses, that he had also performed work and labor for the defendant, of some kind, in Anthony street, not at all mentioned or referred to in his complaint, and his compensation for this is actually included in his verdict.

So as to the defendant. He, by his answer, denies generally the plaintiff's claim, and sets up payment, without claiming any set off or other counter claim; and yet much of his evidence received on the trial related to matters of set off; and the counsel for both parties, on the argument of this appeal, seem to assume, that if a certain alleged settlement, claimed to have been made between the parties, was not conclusive, the matters of set off would have defeated the action.

And the only exception appearing by the return embraced in the grounds of the defendant's appeal, is founded on the exclusion of evidence of payments, which his counsel expressly claimed as a set off.

If, under such circumstances, the court, on appeal, fall into error, the parties must not complain. We have a right to expect them to lay a full return of the proceedings before us, and where a return is imperfect, they ought not to bring the case to a hearing.

That all parties regarded the pleadings as of no importance to the conduct of the trial, is most obvious. The plaintiff was not confined nor sought to be confined to his complaint, and no objection was made on the trial, nor is now made on the argument of the appeal, to the defendant's set off, founded in

his omission to set up that defence in the answer. When a case is so tried and so argued, it will not be expected that the appellate court will be strict in applying the rules of pleading to the case; but will, for the purposes of the appeal, assume that the pleadings are sufficient to warrant the giving of the evidence received or offered.

In this view of the subject, the case stands thus:

The plaintiff had been employed by the defendant, under a written contract, for the erection of two houses in Orange street, and when the work had been in part done, the contract was given up, or at all events he suspended his work, and an arrangement was then made, in pursuance of which, the plaintiff assumed the mere superintendence of the completion of the houses, and the defendant agreed to allow or pay him therefor; and there was very satisfactory proof that the defendant also agreed to pay the bills then outstanding against the plaintiff, incurred by him in the work already done.

It was claimed by the plaintiff that this arrangement was a complete rescission of the contract previously made, and a final settlement of the accounts between the parties, relating to these houses, and an assumption by the defendant, instead of paying to the plaintiff the contract price, to pay the debts incurred by him in the work thus far, and to finish the building himself, at his own cost, employing the plaintiff to superintend the work, and paying him the compensation agreed upon. Such an arrangement, if made, was upon a sufficient consideration, and was, undoubtedly, binding; and if established by proof, which was, in its nature, conclusive, would preclude any inquiry into the state of the accounts relating to these houses existing anterior to such arrangement.

But the defendant claimed that no such final settlement was made. That the plaintiff, having declared his inability to perform his contract, and left the work, he (the defendant) consented to make him additional compensation for his superintendence, and advance all the money necessary to complete the erection, and pay outstanding bills; but that such arrangement was not intended as a final settlement of their previous

accounts, or to preclude an ultimate settlement upon the basis of the contract. That he was already largely in advance to the plaintiff, and that, by consenting to pay him more than by the contract he was bound to pay, he did not release him from the contract itself, or from accountability for advances he had already made to enable the plaintiff to perform it. And in this view the defendant offered to prove on the trial, that "at the time the written contract was given up, he had paid to the plaintiff, and on his order, for materials furnished, towards the completion of the contract, $1,275—more than was required by the contract itself—and he claimed this sum as a set off."

Obviously the liability of the plaintiff for this money—if it was advanced as claimed—depended upon the question, whether the parties, at the time of the new arrangement, made a final settlement of the accounts to that time, or not. For if they did, then the plaintiff was in no form liable for this money. If they did not, then it was a valid claim in the defendant's favor, and—if all objection founded on the state of the pleadings was waived—it constituted a valid set off.

The court below rejected the evidence, thus assuming that, in fact, the new arrangement was, in this respect, final. Although I think the preponderance of evidence was greatly in favor of this view of the facts, and that, upon the evidence, the jury would have so found, still it was a question for the jury to pass upon, and not for the court. And it seems to me that the court were not warranted in assuming that the new arrangement was, as a matter of fact, an agreed settlement of the previous transactions, and in making that assumption the ground of rejecting evidence which might have influenced the minds of the jury. Had the defendant been permitted to prove, that at the time the new arrangement was made, the plaintiff actually owed the defendant the sum of $1,275, they might—the evidence not being, in all respects, free from doubt—have hesitated in finding, from the other evidence before them, that the defendant had forgiven

so large an indebtedness. They might, with some propriety, have asked what sufficient consideration was there for such forgiveness?

It seems to me that it was the duty of the court—apart from any question respecting the state of the pleadings—to have received the evidence as one of the circumstances surrounding the transaction, and then to have instructed the jury, that if they found that a settlement was made, as claimed by the plaintiff, the set off could not be allowed.

In another aspect the testimony was, perhaps, admissible, taking the pleadings strictly as they were. The plaintiff did not declare for superintendence merely, but for work, labor and materials. The defendant set up payment. An offer to prove payments to the plaintiff, and on his order, was within the issue; and I think could not be excluded, unless the court could say, as matter of law, upon facts proved by evidence legally conclusive, that the defendant was estopped from claiming that these payments were applicable to the demands which the plaintiff had proved.

I am much inclined to think that the jury would have rendered the same verdict had the evidence been received and submitted to them under appropriate instructions from the court. But it is not safe nor proper for us to say, that because such is our opinion upon the questions of fact, we will, therefore, overlook the exclusion of competent testimony, which might have influenced their minds. I am, therefore, constrained to say, that the judgment must be reversed.

Judgment reversed.